UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT TOWNSEND,<br><br>    Plaintiff,<br><br>  v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1]<br><br>    Defendant. | No. 2:21-cv-1176 DB<br><br><br><br>ORDER |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[2] Plaintiff's motion argues that the Administrative Law Judge erred by finding that plaintiff lacked a severe impairment.

////

////

---

[1] After the filing of this action Kilolo Kijakazi was appointed Acting Commissioner of Social Security and has, therefore, been substituted as the defendant. See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See ECF No. 7.)

1

For the reasons explained below, plaintiff's motion is denied, defendant's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is affirmed, and the matter is closed.

## PROCEDURAL BACKGROUND

In April of 2019, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on June 15, 2011. (Transcript ("Tr.") at 10.) Plaintiff's alleged impairments included hypertension, chronic obstructive pulmonary disease, diabetes, and back problems. (Id. at 160.) Plaintiff's application was denied initially, (id. at 66-70), and upon reconsideration. (Id. at 73-77.)

Plaintiff requested an administrative hearing and a hearing was held before an Administrative Law Judge ("ALJ") on October 6, 2020. (Id. at 30-44.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 30-34.) In a decision issued on October 21, 2020, the ALJ found that plaintiff was not disabled. (Id. at 16.) The ALJ entered the following findings:

> 1. The claimant last met the insured status requirements of the Social Security Act on September 30, 2016.
>
> 2. The claimant did not engage in substantial gainful activity during the period from his amended onset date of April 7, 2015, through his date last insured of September 30, 2016 (20 CFR 404.1571 *et seq.*).[3]
>
> 3. Through the date last insured, the claimant had the following medically determinable impairments: diabetes mellitus Type II and recurrent ventral hernia (20 CFR 404.1521 *et seq.*).
>
> 4. Through the date last insured, the claimant did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant did not have a severe impairment or combination of impairments (20 CFR 404.1521 *et seq.*).

////

////

---

[3] Plaintiff amended the alleged onset date of disability to April 7, 2015, at the October 6, 2020 hearing. (Tr. at 36.)

> 5. The claimant was not under a disability, as defined in the Social Security Act, at any time from April 11, 2015, the amended onset date, through September 30, 2016, the date last insured (20 CFR 404.1520(c)).

(Id. at 12-16.)

On April 28, 2021, the Appeals Council denied plaintiff's request for review of the ALJ's October 21, 2020 decision. (Id. at 1-5.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on July 2, 2021. (ECF. No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404,

> Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff's pending motion argues that the ALJ erred at step two of the sequential evaluation by finding that plaintiff did not have a severe impairment. (Pl.'s MSJ (ECF No. 9) at 7-14.[4]) At step two of the sequential evaluation, the ALJ must determine if the claimant has a medically severe impairment or combination of impairments. Smolen v. Chater, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citing Yuckert, 482 U.S. at 140-41). The Commissioner's regulations provide that "[a]n impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521(a) & 416.921(a). Basic work activities are "the abilities and aptitudes necessary to do most jobs," and those abilities and aptitudes include: (1) physical functions such as walking, standing, sitting, lifting, and carrying; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521(b) & 416.921(b).

The Supreme Court has recognized that the Commissioner's "severity regulation increases the efficiency and reliability of the evaluation process by identifying at an early stage those

---

[4] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

1   claimants whose medical impairments are so slight that it is unlikely they would be found to be
2   disabled even if their age, education, and experience were taken into account." Yuckert, 482 U.S.
3   at 153.  However, the regulation must not be used to prematurely disqualify a claimant. Id. at 158
4   (O'Connor, J., concurring).  "An impairment or combination of impairments can be found not
5   severe only if the evidence establishes a slight abnormality that has no more than a minimal effect
6   on an individual[']s ability to work." Smolen, 80 F.3d at 1290 (internal quotation marks and
7   citation omitted).

8       "[A]n ALJ may find that a claimant lacks a medically severe impairment or combination
9   of impairments only when his conclusion is 'clearly established by medical evidence.'" Webb v.
10  Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 85-28); see
11  also Ukolov v. Barnhart, 420 F.3d 1002, 1006 (9th Cir. 2005) (claimant failed to satisfy step two
12  burden where "none of the medical opinions included a finding of impairment, a diagnosis, or
13  objective test results").  "Step two, then, is 'a de minimis screening device [used] to dispose of
14  groundless claims[.]'" Webb, 433 F.3d at 687 (quoting Smolen, 80 F.3d at 1290); see also
15  Edlund v. Massanari, 253 F.3d 1152, 1158-59 (9th Cir. 2001) (discussing this "de minimis
16  standard"); Tomasek v. Astrue, No. C-06-07805 JCS, 2008 WL 361129, at *13 (N.D. Cal.
17  Feb.11, 2008) (describing claimant's burden at step two as "low").

18      Here, the ALJ found that the record supported a finding that plaintiff had "medically
19  determinable impairments during the period at issue of diabetes mellitus Type II and ventral
20  hernia," but that the evidence demonstrated that the "impairments were managed by the [plaintiff]
21  with minimal medical care." (Tr. at 15.)  The ALJ's findings are supported by the evidence of
22  record.

23      In this regard, the ALJ explained that a January 16, 2013, Kaiser Emergency Department
24  treatment note reflected that plaintiff presented with "hyperglycemia of 700." (Id. at 530.)
25  Plaintiff, however, "said he feels perfectly fine and just needs his blood sugar meds." (Id.)
26  Examination findings were essentially normal with an impressing of "[w]ell appearing
27  asymptomatic hyperglycemia." (Id. at 533.)  Plaintiff was "sent home in good condition." (Id.)
28  ////

Plaintiff was also seen in the Emergency Department on October 10, 2014. (Id.) Plaintiff presented "complaining of ran out of metformin and glyburide," as plaintiff's primary care physician refused to "refill meds" until plaintiff was "seen in clinic." (Id. at 549.) Although plaintiff's glucose was again elevated, examination revealed "[n]o visual changes, chest pain, shortness of breath, nausea, vomiting[.]" (Id.) Plaintiff's meds were refilled and plaintiff was discharged. (Id. at 551.)

The ALJ went on to note that "[t]he last episode of care, prior to the date last insured, was in the emergency room on May 16, 2015, for abdominal pain with reducible lump." (Id. at 15.) Plaintiff had a "lump to abdomen . . . after he lifted his friend's Labrador retriever." (Id. at 569.) Plaintiff was "[w]ell appearing" with a "[b]enign exam" and left before treatment could be carried out. (Id. at 571.)

Essentially, plaintiff's evidence in support of severe impairments consisted of just three emergency room visits, with two of those visits occurring prior to the alleged disability onset date. Plaintiff argues that the "record contains significant ambiguities, gaps, and unanswered questions," related to plaintiff's treatment. (Pl.'s MSJ (ECF No. 9) at 8.) Plaintiff also argues that the record "does not include primary care treatment [records] near the relevant period[.]" (Id. at 9.) However, "[t]e claimant bears the burden to show medical evidence consisting of signs, symptoms, and laboratory findings to establish a medically determinable physical or mental impairment." Miller v. Colvin, 174 F.Supp.3d 1210, 1219 (D. Ariz. 2016).

It is true that the ALJ has a duty to help develop the record when the record is ambiguous. See Reed v. Massanari, 270 F.3d 838, 841 (9th Cir. 2001); Armstrong v. Commissioner of Social Sec. Admin., 160 F.3d 587, 590 (9th Cir. 1998). Here, however, the record was not ambiguous. There simply was not sufficient evidence to support a finding of a severe impairment.

For the reasons stated above, the Court finds that plaintiff is not entitled to summary judgment on the claim that the ALJ erred at step two of the sequential evaluation.

////

////

////

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 9) is denied;

2. Defendant's cross-motion for summary judgment (ECF No. 11) is granted;

3. The Commissioner's decision is affirmed; and

4. The Clerk of the Court shall enter judgment for defendant and close this case.

Dated: March 1, 2023

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\townsend1176.ord